UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

CARI L. V.

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 6:16-CV-01897-AC

ORDER ON ATTORNEY FEES

ACOSTA, Magistrate Judge:

Before the court is Plaintiff Cari L. V.'s[1] Unopposed Motion and Memorandum for Attorney fees pursuant to 42 U.S.C. § 406(b). Although Plaintiff is the claimant in this case, the real party in interest to this motion is her attorney, Kathryn Tassinari ("Tassinari") of Harder Wells Baron & Manning, P.C. ("Harder Wells"). The Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

(2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes that Harder Wells is entitled to fees under Section 406(b) in the amount of $$20,251.88.[2]

*Procedural Background*

Plaintiff protectively filed her application for disability insurance benefits on July 19, 2011, alleging disability as of April 5, 2009. The claims were denied initially and on reconsideration. An ALJ held hearings on February 20, 2014, and July 21, 2014. On January 15, 2015, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review.

On September 27, 2016, Plaintiff filed a Complaint in this court seeking review of the Commissioner's final decision. On October 11, 2017, the court granted the parties' stipulated motion for remand for further administrative proceedings. On remand, Plaintiff was awarded retroactive benefits, finding her disabled as of July 2010. (Mot. Att'y Fees Ex. A at 1, ECF No. 29-2.)

On January 11, 2018, Plaintiff was awarded attorney fees in the amount of $4,154.62 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Order, ECF No. 27.) On January 25, 2019, Plaintiff filed the instant petition for attorney fees under § 406(b) in the amount of $24,406.50, less the amounts previously received by Plaintiff's counsel under the EAJA. The Commissioner does not oppose the motion.

---

[2] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

*Legal Standard*

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). An award of fees under § 406(b) is paid from claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796-807 (2002). Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Id.*

Under *Gisbrecht*, the court must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap. *Id.* at 800. The court also must "'review for reasonableness fees yielded by [contingency fee] agreements.'" *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) (*en banc*) (quoting *Gisbrecht*, 535 U.S. at 808)). As set forth in *Crawford*, the court must apply the following factors: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *Id.* at 1151-52.

*Discussion*

Here, the terms of the contingent-fee agreement between Plaintiff and Harder Wells are within the statutory limits of § 406(b). The $20,251.88 in attorney fees Harder Wells seeks do not

exceed 25 percent of the past due benefits awarded to Plaintiff.[3] (Mot. Supp. Att'y Fees at 1 & Ex. 5 at 3, ECF No. 35.) Thus, the terms of this agreement are within the statute's limit.

The court has reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by *Crawford*, the court finds the requested fees reasonable. There is no indication that Harder Wells was either ineffective or dilatory, and they achieved a favorable result for Plaintiff. Furthermore, the amount of fees requested is not out of proportion to the work performed by Harder Wells, and the benefits are not so large in comparison to the amount of time counsel spent that a reduction of the fees requested is justified. Finally, Harder Wells does not assert any risks unique to this case, and the court identifies none. Harder Wells does not seek an adjustment to the requested fee based on risk factors and the court concludes no such adjustment is warranted. In short, after applying the *Gisbrecht* factors, as interpreted by *Crawford*, the court finds that Plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

*Conclusion*

For these reasons, Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 29) is GRANTED and Harder Wells is awarded $24,406.50 in attorney fees. In light of the $4,154.62 in EAJA fees previously awarded, the Commissioner is directed to send the send the

---

[3] In *Culbertson v. Berryhill*, the Supreme Court held that the 25 percent cap in § 406(b)(1)(A) "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." 139 S. Ct. 517, 523 (2019); *accord Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (holding that 25 percent cap under § 406(b) applies only to fees awarded for representation before the district court and does not limit the total fees that may be recovered under §§ 406(a) and (b)). Here, Harder Wells seeks less than 25 percent, minus the amounts awarded under EAJA, and does not indicate that they represented Plaintiff in the administrative process.

balance of $20,251.88, less any applicable processing or user fees as allowed by statute to Plaintiff's attorneys at Harder, Wells, Baron, & Manning, P.C., Eugene, Oregon 97401.

IT IS SO ORDERED.

DATED this 6th day of March, 2019.

JOHN V. ACOSTA
United States Magistrate Judge